## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| YUSEN LOGISTICS (AMERICAS) INC., d/b/a DOUBLE WING EXPRESS, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Case No.: _____ ADMIRALTY JURY DEMANDED |
| GALBORG USA, LLC and GALBORG PTE LTD. OF SINGAPORE and M/V YELLOWSTONE, *in rem*, | § § § § | |
| Defendants. | § § | |

## COMPLAINT

**NOW COMES** the plaintiff, Yusen Logistics (Americas) Inc. d/b/a Double Wing Express (hereinafter "YUSEN"), by its attorneys, Hinshaw & Culbertson LLP, and Henry Oddo Austin and Fletcher, P.C., and as and for its Complaint against the above-named defendants, pleads as follows:

1.      The plaintiff, YUSEN, was at the time this action was commenced, a foreign corporation incorporated under the laws of the State of New York with its principal place of business in Secaucus, NJ.  YUSEN is in the business of performing brokering and logistical services.

2.      Upon information and belief, the defendant, Galborg U.S.A., LLC (hereinafter "GALBORG USA"), is a Texas corporation with offices located in Houston, Texas, and at all times material hereto was engaged in the business of performing transportation, brokering, freight forwarding and other logistic services.  In addition, GALBORG USA acts as the agent for

Galborg PTE Ltd. of Singapore (hereinafter "GALBORG PTE") in the United States. Galborg USA may be served with process through its registered agent, David Groves, 5200 Hollister, Suite 202, Houston, Texas 77040. Plaintiff requests that Summons be issued on the registered agent, David Groves, for GALBORG USA at 5200 Hollister, Suite 202, Houston, Texas 77040 for service through the Texas Secretary of State.

3.     Upon information and belief, the defendant, GALBORG PTE LTD. OF SINGAPORE, is a foreign corporation with offices located in Houston, Texas, and at all times material hereto was engaged in the business of performing transportation, brokering, freight forwarding and other logistic services. The agent for GALBORG PTE in the United States is GALBORG USA. GALBORG PTE may be served through the Texas Secretary of State. Plaintiff requests that Summons be issued to GALBORG PTE at Galborg Pte Ltd., 78, Shenton Way, #16-03A, Singapore 079120, Republic of Singapore.

4.     At all relevant times GALBORG USA acted as agent on behalf of GALBORG PTE. When it is alleged herein that GALBORG USA acted or failed to act, such act or omission is attributed to GALBORG PTE.

5.     This court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. 1331, federal question, since this action arises under the laws or treaties of the United States.

6.     This court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. Section 1332, diversity of citizenship, because this action is between a New York corporation and a Texas corporation and a foreign corporation. The matter in controversy exceeds $75,000, exclusive of costs.

7.     This court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. Section 1333 because this suit is an action arising under admiralty or maritime jurisdiction.

8.     This court has in personam jurisdiction over GALBORG USA and GALBORG PTE because both defendants have sufficient minimum contacts with the State of Texas. In that GALBORG USA maintains an office in and does business in Houston, Texas and GALBORG PTE performs loading and transportation services at the Port of Houston.

9.     Venue is proper in this district pursuant to 28 U.S.C. Section 1391 (B)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

10.     FEECO INTERNATIONAL INC. contracted with YUSEN in March, 2011 to transport from Green Bay to Walvis Bay, Namibia, three agglomeration drums and various crates containing gears and other parts of the drums.

11.     Upon information and belief, the estimated value of the freight to be transported was $6,428,469.00.

12.     YUSEN entered into a contract with the defendants, GALBORG USA and GALBORG PTE (hereinafter "GALBORG"), to transport the agglomeration drums and other equipment from the Port of Houston to Walvis Bay, Namibia via ocean transport. The Bill of Lading No. is GFAL1126HOWV216, dated 07/06/2011, Exhibit A.

13.     GALBORG agreed to deliver the above described freight to Walvis Bay, Namibia free of any damage, and assumed responsibility for the safe transportation of the freight.

14.     Upon information and belief, on or about July 6, 2011, GALBORG took possession and control of the freight in Houston, Texas and during the period the above-described freight was in the possession and control of GALBORG and being transported to

Walvis Bay, Namibia, it is alleged that the freight was damaged, resulting in alleged loss to FEECO.

15.     FEECO INTERNATIONAL, INC. (hereinafter "FEECO"), has filed against Yusen Logistics (Americas) Inc., a Complaint seeking to recover from YUSEN any damage it sustained as a result of damage to the previously described freight while in transit to Walvis Bay, Namibia (a copy of said Complaint is attached hereto and marked as *Exhibit B*).  FEECO is the owner of the freight at issue.

16.     The plaintiff, YUSEN, has removed said matter to the Federal District Court for the Eastern District of Wisconsin, Green Bay Division, in *Feeco International, Inc. v. Yusen Logistics (Americas), Inc. and ABC Insurance Company*, Case No. 12-CV-864-WCG (the "Wisconsin Lawsuit").

17.     GALBORG has previously been provided notice that the subject freight was damaged while in its possession and control and that the amount of damage alleged exceeds $2,000,000.00.

## FIRST CAUSE OF ACTION – IN REM

18.     This action arises from damage and loss to a maritime cargo and/or breach of a maritime contract.   Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. Sec. 1333(1).

19.     Based on information and belief, at all times material GALBORG PTE owned and/or operated the M/V YELLOWSTONE as a common carrier of goods by water for hire between various ports, including the Port of Houston and the Walvis Bay, Namibia.  Based on information and belief, at all times material GALBORG PTE did business in Texas by carrying cargo to and from Houston aboard the M/V YELLOWSTONE and/or other vessels, entering into

charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas according to Section 17.042 of the Texas Civil Practice & Remedies Code. GALBORG PTE is a non-resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practices & Remedies Code that has not designated or maintained a resident agent in Texas. Alternatively, although GALBORG PTE may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's claim arises under federal law and GALBORG PTE has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over GALBORG PTE is consistent with the Constitution and the laws of the United States and Texas. Accordingly, serving GALBORG PTE with a summons is effective to establish personal jurisdiction over it. GALBORG PTE can be served by serving the Texas Secretary of State. Process or notice can be sent to GALBORG PTE at its home office, 78, Shenton Way, #16-03A, Singapore 079120, Republic of Singapore.

20.    At all times material, Plaintiff brings this action as agent for all persons or entities, including any insurers, that are or become interested in the cargo.

21.    On or about July 6, 2011, Plaintiff's shipper tendered in good order and condition to GALBORG PTE at the Port of Houston certain agglomeration drums and various crates containing gears and other parts of the drums. GALBORG PTE agreed safely to receive at the Port of Houston and carry to Walvis Bay, Namibia, load, stow, secure aboard the M/V YELLOWSTONE at the Port of Houston, carry to and discharge at Walvis Bay, Namibia, the cargo in the same good order and condition as when received in consideration of paid freight charges. GALBORG PTE acknowledged receipt of the cargo in good order and condition at the

Port of Houston and therewith issued Bill of Lading No. GFAL1126HOWV216, attached hereto as Exhibit A, free of exceptions or other notations for loss or damage, and later loaded the cargo aboard the M/V YELLOWSTONE.   On or about July 12, 2011, the M/V YELLOWSTONE arrived at Walvis Bay, Namibia, where GALBORG PTE discharged the cargo not in the same good order and condition as when received, but, on the contrary, physically damaged.   The damage and loss proximately resulted from GALBORG PTE's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violations of the duties of a common carrier of goods by water for hire.   Alternatively, the loss proximately resulted from the unseaworthiness of the M/V YELLOWSTONE.

<u>**SECOND CAUSE OF ACTION – BREACH OF CONTRACT**</u>

22.     YUSEN hereby incorporates by reference as though fully set forth, the foregoing paragraphs of this Complaint.

23.     Pursuant to the Bill of Lading referenced above, GALBORG contracted and warranted that the freight transported pursuant to the contractual agreement would be transported to Namibia under GALBORG's care and delivered free of damage.

24.     Upon information and belief, GALBORG, its agents or assigns, failed to deliver the freight to Namibia free of any damage.

25.     The owner of the freight, FEECO, has alleged that it has incurred and continues to incur significant damage as a result of actual damage to the freight.   In the event it is determined that YUSEN sustain any liability to FEECO, then such damages will have been caused directly and proximately by the breach of contract and warranty obligations of the defendant, GALBORG, and this plaintiff will be entitled to recover any such damages from GALBORG.

26.     All conditions precedent to recovery under the contract has been performed.

## THIRD CAUSE OF ACTION - NEGLIGENCE

27.     YUSEN hereby incorporates by reference as though fully set forth, the foregoing paragraphs of this Complaint.

28.     The freight was originally tendered, undamaged, by YUSEN to GALBORG.

29.     GALBORG USA, its agents or assigns, owed a duty to YUSEN and FEECO to exercise a degree of care in relation to the freight that a reasonably careful person would exercise under similar circumstances, when transporting the freight in order to assure that the freight was transported safely and without loss to its final destination in Namibia.

30.     GALBORG, its agents or assigns, breached its duty of care while transporting the freight, as portions of the freight were delivered damaged.

31.     Upon information and belief, GALBORG, its agents or assigns, failed to deliver the freight to Namibia free of any damage.

32.     The owner of the freight, FEECO has alleged that it has incurred and continues to incur significant damage as a result of actual damage to the freight.  In the event it is determined that YUSEN sustain any liability to FEECO, then such damages will have been caused directly and proximately by the negligence of the defendant, GALBORG, and this plaintiff will be entitled to recover any such damages from GALBORG.

## FOURTH CAUSE OF ACTION – BAILMENT

33.     YUSEN hereby incorporates by reference as though fully set forth, the foregoing paragraphs of this Complaint.

34.     The freight (bailment) was originally tendered, undamaged, by YUSEN to GALBORG, its agents or assigns (bailee).

35.     GALBORG, its agents or assigns, owed a duty to YUSEN to exercise ordinary care with respect to the protection of the freight from loss, damage or destruction.

36.     GALBORG, its agents or assigns, breached its duty of care while transporting the freight, as portions of the freight were delivered damaged.

37.     Upon information and belief, GALBORG, its agents or assigns, failed to deliver the freight to Namibia free of any damage.

38.     The owner of the freight, FEECO, has alleged that it has incurred and continues to incur significant damage as a result of actual damage to the freight.  In the event it is determined that YUSEN sustain any liability to FEECO, then such damages will have been caused directly and proximately by the acts and omissions of the defendant, GALBORG, and this plaintiff will be entitled to recover any such damages from GALBORG.

**FIFTH CAUSE OF ACTION – CARRIAGE OF GOODS BY SEA ACT (COGSA)**

39.     YUSEN hereby incorporates by reference as though fully set forth, the foregoing paragraphs of this Complaint.

40.     On or about July 6, 2011, YUSEN, as a broker acting on behalf of FEECO, the owner of the cargo, entered into a contract of carriage with defendant, GALBORG, for the overseas transportation via vessel of the cargo from the Port of Houston to Walvis Bay, Namibia. The contract of carriage is the Bill of Lading No. GFAL1126HOWV216, dated July 6, 2011, attached as Exhibit B.

41.     Defendant, GALBORG, was at all relevant times, the carrier, as that term is defined in 46 U.S.C. Sec. 30701 et seq., the Carriage of Goods by Sea Act ("COGSA").  As such, defendant, GALBORG, is subject to the responsibilities and liabilities of COGSA, including the duty to properly and carefully load, handle stow, carry, keep, care for, and discharge the goods carried.

42.     On or about August 3, 2012, FEECO brought suit against YUSEN in the State of Wisconsin, Circuit Court Branch 5, Brown County, for damage to the cargo transported by

defendant, GALBORG, pursuant to the contract of carriage, attached hereto as *Exhibit A*. YUSEN removed the FEECO lawsuit to federal court in Case No. 12-CV-864-WCG.

43.     The cargo was damaged while in the custody and care of defendant, GALBORG. The cargo was tendered to defendant, GALBORG, at the Port of Houston for loading in good and undamaged condition.   The cargo was delivered to its destination in Walvis Bay, Namibia, in damaged and contaminated condition.   Defendant, GALBORG, caused the damage to the cargo through its acts and omissions and through its own actual fault and privity.

44.     This action sounds in admiralty or maritime law and arises out of the same transaction, occurrence, or series of transactions or occurrences as the claims asserted by FEECO against YUSEN in the FEECO suit.   This district court has jurisdiction over these claims and these parties.

45.     GALBORG has been provided written notice of the damage by FEECO/YUSEN.

46.     The owner of the freight, FEECO, has alleged that it has incurred and continues to incur significant damage as a result of the actual damage to the freight.   In the event it is determined that YUSEN sustain any liability to FEECO, then such damages will have been caused directly and proximately by the acts and omissions of the defendant, GALBORG, and this plaintiff will be entitled to recover any such damages from GALBORG.

**WHEREFORE**, in the event that the plaintiff, YUSEN, is held liable to FEECO, then YUSEN demands judgment against the above-named defendants, for any damages and costs awarded to FEECO and for its costs and disbursements and attorneys' fees for this action.

**WHEREFORE**, Plaintiff further prays that:  process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the MV/YELLOWSTONE, her engines, tackle, apparel, etc.; all persons claiming an interest

therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V YELLOWSTONE be condemned and sold to satisfy the damages aforesaid; and.

This Honorable Court adjudge that the M/V YELLOWSTONE, *in rem*, and GALBORG PTE and GALBORG USA, LLC, *in personam*, jointly and severally, are liable to Plaintiff for its damages, as alleged, plus pre-judgment interest, post-judgment interest, court costs, attorneys' fees and all other relief as justice and equity allow.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.**

Respectfully submitted,

*/s/ Vic H. Henry*
**Vic H. Henry**
**TBA No. 09484250**
**SD No. 29378**
**vhhenry@hoaf.com**
**Lane Fletcher**
**TBA No. 07139300**
**lanefletcher@hoaf.com**
**Katherine Knight**
**TBA No. 10759900**
**SD No. 1096799**
**kknight@hoaf.com**

**HENRY ODDO AUSTIN & FLETCHER**
**  A Professional Corporation**
**1700 Pacific Avenue, Suite 2700**
**Dallas, Texas  75201**
**Telephone:    (214) 658-1900**
**Facsimile:    (214) 658-1919**

OF COUNSEL:


/s/ *Jeffrey S. Fertl*
Jeffrey S. Fertl
State Bar No. 1014806
HINSHAW & CULBERTSON, LLP
100 E. Wisconsin Avenue, Ste. 2600
Milwaukee, WI  53202
Telephone:  (414) 276-6464
Facsimile:  (414) 276-9220
jfertl@hinshawlaw.com

ATTORNEYS FOR PLAINTIFF